URIAH H. CROSBY, Plaintiff in Error, *v.* JOHN M. GIPPS, Defendant in Error.

### ERROR TO TAZEWELL.

In an action for a penalty, where any person may prosecute, a judgment in a suit by A, may be pleaded in bar to a prosecution by B, for the same cause or offense.

THIS was an action of debt, brought before a justice of the peace, under an act to amend chapter ninety-three of the Revised Statutes, entitled " Roads," approved June 22, 1852, (Laws of 1852, p. 176,) for the supposed obstruction of a road leading from Washington to Tremont, which road was claimed to have been located under the 28th section, and other applicable

provisions of the act of March 2, 1839, entitled " An act to locate and establish, and alter, change and re-locate State roads." Judgment was rendered for the plaintiff before the justice, from which the defendant appealed to the Circuit Court, where judgment was also rendered for plaintiff below.

It is agreed by the parties that the verdict is right, if the rulings of the court were correct.

It also appeared upon the trial in the Circuit Court, that one Goodchild had sued the defendant below, before the same justice of the peace, which suit had been tried on the merits, and decided for the defendant below, all before this suit was brought, and *never appealed* by either party, and also gave evidence tending to prove that said suit by Goodchild was for the same cause for which this is prosecuted. The plaintiff below also gave evidence, tending to prove that this suit is not for the same cause as the Goodchild suit. Before this, the defendant below moved the court to instruct the jury, that if they believe the Goodchild suit was prosecuted for the same cause as this, they will find for the defendant; which instruction the court refused to give, to which the defendant excepted.

This cause was tried before DAVIS, Judge, and a jury, at April term, 1855, of the Tazewell Circuit Court. Verdict and judgment for the plaintiff in the Circuit Court. The defendant below sued out this writ of error.

J. ROBERTS, for Plaintiff in Error.

MANNING and MERRIMAN, for Defendant in Error.

CATON, J. This was a penal action, brought by Gipps against Crosby, before a justice of the peace, under the statute of 1852, for obstructing a road. On the trial, evidence was offered by the defendant below, tending to prove that he had been prosecuted by one Goodchild, under the same statute for the same offense, which case was tried on its merits, and a judgment rendered for the defendant, which judgment remains in full force. Evidence was also produced by Gipps, tending to prove that the prosecution was for a different offense. In this state of the evidence, Crosby asked the court to instruct the jury, " that if they believe that the Goodchild suit was prosecuted for the same cause as this, they should find for the defendant;" which instruction the court refused, and to which refusal the defendant then and there excepted. In this we think the court erred. For this offense, Goodchild has as much right to prosecute as Gipps, and in such a case it would be superfluous to cite authorities, to show that a judgment in a suit prosecuted by Goodchild,

is as much a bar in this action as if it had been prosecuted by Gipps, or that a judgment for the defendant was as much a bar as if it had been for the plaintiff, and yet these propositions decide the whole case, for it will hardly be contended that Gipps could prosecute Crosby repeatedly, and recover several judgments against him for the one offense or cause of action. And yet such is the law, if this instruction was properly refused. The instruction leaves no ground for saying that the offense might have been, in some way or degree, different. It only asks to have the defendant acquitted, in case the jury should find that this and the other action were for the same identical offense. This, in our opinion, was the law, and the jury should have been instructed to consider the evidence in reference to it.

Judgment must be reversed and cause remanded.

*Judgment reversed.*